UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JENNY BERETIN,

                Plaintiff,                    **MEMORANDUM AND ORDER**
                                                                   22-CV-7570 (RPK) (MMH)

      v.

THE UNITED STATES OF AMERICA,

                Defendant.
-----------------------------------------------------------x

RACHEL P. KOVNER, United States District Judge:

      Plaintiff Jenny Beretin brings this action against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2401(b), 2671–80. Because plaintiff failed to exhaust her administrative remedies prior to filing suit, defendant's motion to dismiss is granted.

## BACKGROUND

      Plaintiff alleges that in December 2019, a mail truck operated by a United States Postal Service ("USPS") employee collided with plaintiff's vehicle. She alleges that she was injured as a result of the USPS employee's negligence and carelessness. Compl. ¶¶ 20–22, 24–26 (Dkt. #1).

      In July 2020, plaintiff filed a Standard Form 95 ("SF-95") with the USPS, seeking $10 million in damages. *Id.* ¶ 6. The form states that due to the collision, plaintiff "sustained severe permanent personal injuries, the full extent of which are not presently known, but include, upon information and belief, severe and permanent injuries to her both ankles, both shoulders, right knee, neck and back." Ex. A, SF-95, at 2 (Dkt. #10-3). Plaintiff did not submit any documentation with the SF-95 in support of her claim. The USPS responded in a letter to plaintiff's counsel, requesting "medical records and itemized bills for treatment received" and noting that without those materials, the USPS would "be unable to properly evaluate the claim." Ex. B, Ltr. 1 (Dkt. #10-4). Plaintiff did not respond. In November 2021, the USPS denied plaintiff's claim because

1

her counsel "failed to submit competent evidence of [plaintiff's] injuries and damages as is required." Ex. C, Ltr. 1 (Dkt. #10-5).

In December 2022, plaintiff brought this FTCA action in federal court, seeking $10 million in damages. *See* Compl. ¶ 37. Defendant now moves to dismiss the complaint. Among other arguments, defendant contends that the complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction, due to plaintiff's failure to exhaust administrative remedies. *See* Mot. to Dismiss (Dkt. #10).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) permits a party to move to dismiss a complaint for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Lyons v. Litton Loan Servicing LP*, 158 F. Supp. 3d 211, 218 (S.D.N.Y. 2016) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). When considering a motion to dismiss under Rule 12(b)(1), a court takes as true the factual allegations in the complaint but does not draw inferences favorable to the party asserting jurisdiction. *See J.S. ex rel. N.S. v. Attica Cent. Schs.*, 386 F.3d 107, 110 (2d Cir. 2004). The court may also look beyond the complaint to such things as affidavits or other documents. *See Kamen v. American Tel. & Telegraph Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986).

## DISCUSSION

Plaintiff's lawsuit is dismissed for lack of subject-matter jurisdiction because plaintiff failed to exhaust her administrative remedies prior to filing suit.

Under the principle of sovereign immunity, "[t]he United States, as sovereign, is immune from suit unless it waives immunity and consents to be sued." *Cooke v. United States*, 918 F.3d

2

77, 81 (2d Cir. 2019). The FTCA provides a "limited waiver" of federal sovereign immunity for tort suits against the United States under certain circumstances, *Hamm v. United States*, 483 F.3d 135, 137 (2d Cir. 2007) (citation omitted), conditioned on a requirement that "the claimant shall have first presented the claim to the appropriate Federal agency," 28 U.S.C. § 2675(a). The presentment requirement is jurisdictional, *see Collins v. United States*, 996 F.3d 102, 109 (2d Cir. 2021), and consequently cannot be equitably tolled, *see United States v. Wong*, 575 U.S. 402, 409 (2015). To satisfy the presentment requirement, a claimant must "present the agency with sufficient information—whether through narrative, evidence, or other means—to alert the agency to the basis for his claim, the nature of his injuries, and the amount of damages sought so that the agency can proceed to investigate its liability and value the claim in order to assess the advisability of settlement." *Collins*, 996 F.3d at 105. "Importantly, the 'mere act of filing a SF 95 does not necessarily fulfill the presentment requirement'; that is, 'a claimant must provide more than conclusory statements which afford the agency involved no reasonable opportunity to investigate.'" *Ruffin v. United States*, No. 20-CV-04128 (ST), 2021 WL 4408039, at *3 (E.D.N.Y. Sept. 27, 2021) (quoting *Romulus v. United States*, 160 F.3d 131, 132 (2d Cir. 1998)).

Here, plaintiff failed to properly present her claim to the USPS before filing this lawsuit. Plaintiff's SF-95 contains only a vague and conclusory description of her alleged injuries: that plaintiff "sustained severe permanent personal injuries, the full extent of which are not presently known, but include, upon information and belief, severe and permanent injuries to her both ankles, both shoulders, right knee, neck and back," Ex. A, SF-95, at 2. The Second Circuit has found similar allegations that did little more than specify affected body parts to be inadequate. *See Collins*, 996 F.3d at 111 (discussing SF-95 form that claimed "unspecified injuries to the claimant's 'head, body, and extremities, pain and suffering, and emotional distress'"). And district

3

courts in this Circuit have deemed similar attempts at presentment to the USPS to fall "well short of [the] mark." *Harrison v. United States*, No. 17-CV-5049 (EK) (MJ), 2023 WL 8860409, at *3 (E.D.N.Y. Dec. 19, 2023); *see also, e.g.*, *Ruffin*, 2021 WL 4408039, at *3–5; *Romulus v. United States*, 983 F. Supp. 336, 342–43 (E.D.N.Y. 1997), *aff'd*, 160 F.3d 131 (2d Cir. 1998).

Plaintiff argues that her "technical failure" to provide the USPS with more information prior to filing this lawsuit should be excused because the details of her claim "have since been provided" in the course of responding to defendant's motion to dismiss.  Mem. in Opp'n 3, 6 (Dkt. #11).  Specifically, plaintiff contends that submitting medical records as an exhibit to her memorandum in opposition should qualify as "nunc pro tunc" exhaustion. *Id.* at 3–4.  However, a claimant must exhaust administrative remedies *prior* to commencing an FTCA action, not during its pendency.  *See* 28 U.S.C. § 2675(a) (requiring presentment "first").  Compliance with the FTCA's presentment requirement is "'strictly construed,'" and accordingly "an FTCA action may not be maintained where claimant failed to exhaust his administrative remedies prior to filing suit, even though claimant sought to exhaust his administrative remedies after filing.'" *Furman v. U.S. Postal Serv.*, 349 F. Supp. 2d 553, 557 (E.D.N.Y. 2004) (quoting *Romulus*, 983 F. Supp. at 338, and citing *McNeil v. United States*, 508 U.S. 106, 112 (1993)); *see Marks v. Blount-Lee*, No. 16-CV-3524 (JMA) (AYS), 2017 WL 3098094, at *4 (E.D.N.Y. July 20, 2017) (same).

In sum, this action must be dismissed for lack of subject-matter jurisdiction because plaintiff failed to administratively exhaust her claims as required under 28 U.S.C. § 2675(a).

## CONCLUSION

Defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) is granted and this case is dismissed for lack of subject-matter jurisdiction.

The Clerk of Court is respectfully directed to close the case.

SO ORDERED.

*/s/ Rachel Kovner*
RACHEL P. KOVNER
United States District Judge

Dated: February 21, 2024
       Brooklyn, New York

5